AUSAs: Kathryn Wheelock, Timothy Ly, Jun Xiang

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS JOSE VELASQUEZ-HURTADO,<br>a/k/a "Chito,"<br><br>Defendant. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 1512(c) and 2<br><br>COUNTY OF OFFENSE:<br>ORANGE<br><br>25 MAG 911 |

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL BONNER, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

### COUNT ONE
### (Obstruction of Justice)

1. On or about December 19, 2024 and January 17, 2025, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, to wit, VELASQUEZ-HURTADO attempted to bite law enforcement officers executing a premises search warrant so that they would be unable to access the contents of his cellphone and refused to comply with a judicial order to unlock the cellphone.

(Title 18, United States Code, Section 1512(c) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am a Special Agent with Homeland Security Investigations and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as my review of documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Since at least in or about October 2024, I have been conducting an investigation of suspected members and affiliates of the transnational criminal organization Tren de Aragua ("TDA"), including LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant.

4. Based on my training and experience, my review of publicly available social media accounts, my interviews of current and former self-identified TDA members, and my personal surveillance of individuals identified by witnesses as, or otherwise believed to be TDA members,

I know that TDA is a violent transnational criminal organization, originating in Venezuela, that has established a substantial foothold in the United States, including in New York City. I have also become aware that there are substantial intra-gang conflicts within TDA and that, in some cases, TDA members have disavowed the organization and described themselves as "Anti-Tren." I am aware that TDA members have engaged in numerous shootings and murders and that much of this violence is driven by hostilities between TDA and "Anti-Tren" members, including disputes over women and girls that are sex trafficked by the gang. Moreover, I am aware that a gang member's self-identification as TDA or "Anti-Tren" can be fluid and that the same gang member may switch between the two affiliations depending on time and context.

5. Based on my review of law enforcement records, my participation in interviews of a victim of sex trafficking (the "Victim"), and my conversations with other law enforcement officers involved in the investigation, I am aware of the following:

   a. In or about 2024, the Victim reported to law enforcement that she was being sex trafficked by LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant.

   b. The Victim also reported that VELASQUEZ-HURTADO had threatened her with violence and demanded that she continue to engage in sex trafficking.

   c. The Victim stated that she was threatened by VELASQUEZ-HURTADO at a certain location that I know to be within the Southern District of New York.

6. On or about December 19, 2024, the Honorable James B. Clark, III, United States Magistrate Judge for the District of New Jersey, signed a search warrant authorizing the search of an apartment on Bergen Avenue in Jersey City, New Jersey, where there was probable cause to believe LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, was living (the "Premises Search Warrant"). The Premises Search Warrant authorized law enforcement to search the apartment and electronic devices found in the apartment, including by unlocking devices using the device user's biometric features. The Premises Search Warrant was based on probable cause that VELASQUEZ-HURTADO had violated Title 18, United States Code, Section 1591(a) (sex trafficking by force, fraud, or coercion), and Title 18, United States Code, Section 2422 (coercion and enticement to engage in prostitution), among other federal crimes.

7. Based on my review of, and involvement in the execution of, the Premises Search Warrant and my conversations with other law enforcement officers, I am aware of the following:

   a. On or about December 20, 2024, when law enforcement entered the apartment to execute the Premises Search Warrant, they observed LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, sleeping with a female individual in a bed in a bedroom. When VELASQUEZ-HURTADO got up from the bed, law enforcement observed one cellphone in the bed with him (the "Cellphone") and another cellphone on the floor next to the bed. Law enforcement seized the Cellphone pursuant to the Premises Search Warrant. (Law enforcement asked the female individual if she had a cellphone, and she gestured toward the phone on the floor and then unlocked it—but law enforcement did not seize that phone.)

   b. When law enforcement attempted to have VELASQUEZ-HURTADO open the Cellphone using his biometric features, as authorized by the Premises Search

2

Warrant, VELASQUEZ-HURTADO went limp and then attempted to bite the law enforcement officers who were trying to access the Cellphone.

c. VELASQUEZ-HURTADO received a copy of the Premises Search Warrant and its attachments on the morning that it was executed.

d. VELASQUEZ-HURTADO was taken into Immigration and Customs Enforcement ("ICE") custody and detained on immigration grounds.

e. When VELASQUEZ-HURTADO was being processed in ICE detention, he asked law enforcement if he could make a phone call. Law enforcement asked him if he knew the phone number he wanted to call. VELASQUEZ-HURTADO said that the phone number was in his phone, but that law enforcement had his phone. When law enforcement informed VELASQUEZ-HURTADO that he would have to unlock the Cellphone to access the phone numbers, he said he did not want to unlock the phone.

8. On or about January 7, 2025, the Honorable Barbara Moses, United States Magistrate Judge for the Southern District of New York, signed a search warrant ordering LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, to unlock the Cellphone (the "Cellphone Warrant").

9. On or about January 17, 2025, other law enforcement officers and I went to Orange County Jail, where LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, was detained in ICE custody, to execute the Cellphone Search Warrant. Law enforcement officers informed VELASQUEZ-HURTADO that he was required by law to comply with the Cellphone Search Warrant and unlock the Cellphone. Despite this, VELASQUEZ-HURTADO refused, saying that he did not want to comply with the Cellphone Search Warrant.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

Michael Bonner
Special Agent
Homeland Security Investigations

Sworn to before me this 19 day of March, 2025.

THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York